passed upon in *Fleming-Joffe, Ltd.* v. *United States* (25 Cust. Ct. 56, C. D. 1263), the claim for free entry under paragraph 1765 was sustained.

**No. 55079.**—Orbis Products Corp. *v.* United States, protest 164121–K (New York).

Opinion by MOLLISON, J. Following the authorities cited in Abstract 15400 the court dismissed the protest.

**No. 55080.**—William H. Emig, Transferee *v.* United States, protest 165084–K (B) (New York).

Opinion by MOLLISON, J. Following the authorities cited in Abstract 15400 the court dismissed the protest.

BEFORE THE SECOND DIVISION, JANUARY 8, 1951

**No. 55081.**—Fred Colomby et al. *v.* United States, protests 111937–K, etc. (New York).

Opinion by LAWRENCE, J. It was stipulated that the items of merchandise marked "A" or "B" on the invoices consist of watch movements similar in all material respects to those which were the subject of *United States* v. *Helbros Watch Co. et al.* (38 C. C. P. A. 1, C. A. D. 430). Upon the agreed statement of facts and the cited authority, the items marked "A" were held properly dutiable at the base rate of 90 cents each as watch movements more than 1 inch but less than 1.77 inches wide, and the items marked "B" were held dutiable at $1.20 each as watch movements more than $\frac{9}{10}$ of 1 inch but not more than 1 inch wide under paragraph 367 (a) (1), as modified, *supra*.

**No. 55082.**—Monarch Watch Co. *v.* United States, protests 113146–K, etc. (New York).

Opinion by LAWRENCE, J. It was stipulated that the items of merchandise marked "A" or "B" on the invoices consist of watch movements similar in all material respects to those which were the subject of *United States* v. *Helbros Watch Co. et al.* (38 C. C. P. A. 1, C. A. D. 430). Upon the agreed statement of facts and the cited authority, the items marked "A" were held properly dutiable at the

base rate of 90 cents each as watch movements more than 1 inch but less than 1.77 inches wide, and the items marked "B" were held dutiable at $1.20 each as watch movements more than 9/10 of 1 inch but not more than 1 inch wide under paragraph 367 (a) (1), as modified, *supra*.

BEFORE THE THIRD DIVISION, JANUARY 8, 1951

**No. 55083.**—Wing Chong Lung et al. *v*. United States, protests 818361–G, etc. (Los Angeles).

Opinion by CLINE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 55084.**—Chong Sing Company et al. *v*. United States, protests 92611–K, etc. (San Francisco).

Opinion by CLINE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 55085.**—McCabe Bros. Grain Co. et al. *v*. United States, protests 117820–K (A), etc. (Duluth).

Opinion by CLINE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 55086.**—The Nippon Co. et al. *v*. United States, protests 158677–K, etc. (San Francisco).

Opinion by CLINE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 55087.**—Julius Garfinckel & Company and Woodward & Lothrop *v*. United States, protests 153217–K and 153218–K (Baltimore).

Opinion by EKWALL, J. It was stipulated that the Federal Reserve bank certified dual rates of exchange for the currencies involved in the liquidation of the entries for the dates of exportation of the merchandise covered by the entries and that the circumstances relating to the liquidation of the said entries are similar in all material respects to those in Abstract 54732. In view of this stipulation and following the cited decision it was held that the currencies of the invoices covered by certain enumerated entries should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

**No. 55088.**—Murray R. Bowdan & Company *v*. United States, protest 162487–K (Baltimore).

Opinion by EKWALL, J. An examination of the record disclosing nothing that would warrant the court in disturbing the finding of the collector, which was presumptively correct, the protest was overruled.